[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal of appellant's convictions in the Clinton County Court of Common Pleas for assault and abduction.[1]
In his first assignment of error, appellant argues that his abduction conviction is supported by insufficient evidence and is against the manifest weight of the evidence.[2] When determining whether a conviction is supported by sufficient evidence, an appellate court reviews the evidence in a light most favorable to the prosecution, and considers whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. When deciding whether a conviction is supported by the manifest weight of the evidence, a court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Reviewing the record before us, we find that appellant's abduction conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. See State v. Garrison (1997), 123 Ohio App.3d 11, 18-19. The first assignment of error is overruled.
In his second assignment of error, appellant asserts that the trial court erred by refusing to consider the lesser-included offense of unlawful restraint as requested by appellant's counsel.
Appellant waived his right to a jury and chose to have a bench trial. Unlike a jury, which must be instructed on the applicable law, a trial court judge is presumed to know the applicable law and apply it accordingly. State v. Eley (1996), 77 Ohio St.3d 174, 180-181. The trial court heard all of the evidence, including appellant's testimony that, despite the fact that he choked his victim until she lost consciousness, he did not create a risk of physical harm to the victim after that initial assault. There is no indication that the trial court, as the fact-finder, did not consider the evidence and determine that appellant had committed the offense of abduction rather than the lesser-included offense of unlawful restraint. See State v. Williams
(June 1, 1993), Butler App. No. CA92-07-133, unreported. The second assignment of error is overruled.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Anthony Valen, Presiding Judge, James E. Walsh, Judge, Stephen W. Powell, Judge.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.
[2] Appellant does not challenge the validity of his assault conviction on appeal.